JOURNAL ENTRY AND OPINION.
{¶ 1} Capital Properties Management, Ltd. ("owner") appeals the trial court's dismissal, for lack of jurisdiction, of owner's appeal from the Board of Zoning Appeals. Owner had been cited by the City of Cleveland for violating elevator standards and then had lost its appeal to the City of Cleveland Board of Building Standards and Building Appeals. Owner then appealed to the State of Ohio Board of Building Appeals ("OBBA"), which also upheld the city's ruling. Owner then timely appealed to the common pleas court on December 21, 2001.
 {¶ 2} Although owner's certificate of service on the notice of appeal to the common pleas court does not certify service on OBBA, owner also mailed a copy of the Notice of Appeal to the Board of Building Appeals. The file contains a copy of the appeal notice, which is date stamped "RECEIVED DEC 24, 2001 BOARD OF BUILDING APPEALS." The body of the cover letter sent with this Notice of Appeal to the Board contains the following language: "Please find enclosed a file stamped copy of a Notice of Appeal to the Cuyahoga County Court of Common Pleas from the State of Ohio Board of Building appeals which was filed with the court relative to the above reference matter." Above this text is listed the caption of the case.
 {¶ 3} In the common pleas court the city filed a motion to dismiss based on lack of jurisdiction because owner allegedly failed to properly file the notice of appeal with OBBA. Dismissing the case on October 1, 2002, the trial court stated in its journal entry, "CAPITAL PROPERTIES' APPEAL IS DISMISSED ON THE BASIS THAT THIS COURT HAS NO JURISDICTION TO HEAR THE APPEAL BECAUSE APPELLANT DID NOT FILE A NOTICE OF APPEAL WITH THE OHIO BOARD OF BUILDING APPEALS."
 {¶ 4} Owner states one assignment of error on appeal:
I. The Court of Common Pleas erred in holding that it had no jurisdiction to hear the appeal because appellant did not file a notice of appeal with the Ohio Board of Building Appeals.
 {¶ 5} Owner states it did file a notice of the appeal with OBBA. R.C. 2505.04 states as follows: "An appeal is perfected when a written notice of appeal is filed * * * in the case of an administrative-related appeal, with the administrative officer, agency, board, department, tribunal, commission, or other instrumentality involved."
 {¶ 6} Below, the city argued that the notice of appeal was not properly filed, because the cover letter did not expressly request it be filed. Rather the letter indicated merely that it was enclosing a file-stamped copy of the Notice filed with the Common Pleas Court.
 {¶ 7} On December 5, 2002, this court issued an opinion on the same issue before us here, that is, what constitutes filing a notice of an appeal from an administrative body. Berea Music v. City of Berea, Cuyahoga App. No. 80897, 200-Ohio-6639.[1] In Berea Music, the court noted that under R.C. 2505.04, "filed" refers to "actual delivery." Id. at ¶ 10. Thus actual delivery of the notice of appeal is equivalent to filing the notice. Berea Music is directly on all fours with the case at bar. In Berea Music, the owner had hand delivered a copy of the notice of appeal to the secretary of the board from which he was appealing, and the secretary signed a receipt. The common pleas court dismissed the appeal for failing to file the notice of appeal with the board. This court reversed, citing to BP Exploration Oil, Inc. v. The PlanningCommission of Oakwood Village, Cuyahoga App. No. 80510, 2002-Ohio-4163, which found that "the appellant's hand-delivering a copy of the notice of appeal to the secretary of the Planning Commission constituted a filing of the appeal with the Commission as contemplated by R.C. 2505.04." BereaMusic, ¶ 12.
 {¶ 8} The language of the cover letter does not control. Appellant complied with the statutory requirement of filing when it hand delivered to the Board secretary a copy of the Notice of Appeal that had been filed with the Common Pleas Court.
 {¶ 9} Following our decision in Berea, we reverse and remand this case to the common pleas court for further proceedings consistent with this opinion.
 {¶ 10} This cause is reversed and remanded.
FRANK D. CELEBREZZE, JR., P.J., and ANTHONY O. CALABRESE, JR., J., concur.
[1] In the case at bar, the city filed a notice with this court, on January 31, 2003, that it did not oppose remanding the case to determine the underlying issues. The city explained that its decision not to oppose remand was "based on cases decided by this Court subsequent to the dismissal of this case by the Court of Common Pleas."